Submitted on petition April 23, peremptory writ issued April 27, 1982

## STATE ex rel LASSWELL,
*Plaintiff-relator,*

*v.*

## SANDERS,
*Defendant.*

(SC 28631)

643 P2d 1273

William L. Lasswell for the petition.

No appearance contra.

Before Denecke, Chief Justice, Lent, Linde, Peterson, Tanzer, and Roberts, Justices.

Linde, J., dissenting opinion.

## MEMORANDUM OPINION

William Lasswell, the Douglas County District Attorney, filed a petition for a peremptory writ of mandamus, ORS 34.110 *et seq,* which contains these factual allegations:

"I.

"That plaintiff-relator is District Attorney for Douglas County, Oregon, charged by law with prosecution of crimes triable in Douglas County, Oregon.

"II.

"That plaintiff-relator is presently in trial in Douglas County Circuit Court Case No. J81-1890, *State of Oregon v. Danny Saunders,* a case involving the murder of Patricia Osborne.

"III.

"A certified copy of the information in Case No. J81-1890 is attached hereto and by reference incorporated herein.

"IV.

"Plaintiff-relator has previously prosecuted Robert Rowe for the same murder of Patricia Osborne in Douglas County Circuit Court Case No. J81-2904, which case went to trial and resulted in the conviction of Robert Rowe.

"V.

"Certified copies of the indictment, order on trial, and order on sentence in Case No. J81-2904 are attached hereto and are incorporated by reference herein.

"VI.

"At his trial in Case No. J81-2904 before the defendant, Judge Don H. Sanders, Robert Rowe testified that he drove to Patricia Osborne's residence with Danny Saunders after Danny Saunders had told him he planned to kill Patricia Osborne and burn her house; and that he let Danny Saunders out of the vehicle by Patricia Osborne's house, and that a short while later he picked up Danny Saunders again, and that Saunders then told him he had killed Patricia Osborne and started the house on fire.

"VII.

"Robert Rowe was called by the State of Oregon as a witness on April 22, 1982 in the trial of Case No. J81-1890, presided over by the defendant, Don H. Sanders.

"VIII.

"When called as a witness on April 22, 1982, Robert Rowe refused to testify on the ground that he might be incriminated thereby.

"IX.

"The defendant then held a summary hearing after which the defendant held that there was reasonable cause to believe that Robert Rowe possesses knowledge relevant to the case of *State of Oregon v. Danny Saunders,* Case No. J81-1890, and after which the Court did not hold that ordering Robert Rowe to testify would be clearly contrary to the public interest.

"X.

"The defendant after said summary hearing refused to order Robert Rowe to testify in the case of State of Oregon v. Danny Saunders, Case No. J81-1890."

The petition prayed for the following relief:

"* * * That a peremptory Writ of Mandamus issue out of this Court, directed to Don H. Sanders, Judge of the Circuit Court of the State of Oregon for Douglas County, commanding him to immediately after his receipt of the Writ to order Robert Rowe to testify as a witness in Douglas County Circuit Court Case No. J81-1890 or to exercise his judicial discretion by refusing such an order and finding that such an order would be clearly contrary to the public interest, and that he then return the Writ with the proper certificate annexed and for such other relief as may be proper."

ORS 136.617 provides:

"In any criminal proceeding before a court of record or in any proceeding before a grand jury, or in any proceeding before a court of record under ORS 646.760, if a witness refuses to testify or produce evidence of any kind on the ground that the witness may be incriminated thereby, the prosecuting attorney may move the court to order the witness to testify or produce evidence. The court shall forthwith hold a summary hearing at which the prosecuting attorney shall show reasonable cause to believe the witness possesses knowledge relevant to the proceeding, or that no privilege protects the evidence sought to be produced. The witness may show cause why the witness should not be compelled to testify or produce evidence. The court shall order the witness to testify regarding the subject matter under inquiry upon such showing of reasonable cause or shall order the production of evidence upon a finding that no privilege protects the evidence sought, unless the court finds that to do so would be clearly contrary to the public interest. The court shall hold the summary hearing outside the presence of the jury and the public and may require

the prosecuting attorney to disclose the purpose of the testimony or evidence. The witness shall be entitled to be represented by counsel at the summary hearing."

■ Once the trial court found at the summary hearing "that there was reasonable cause to believe that Robert Rowe possesses knowledge relevant to the case of *State of Oregon v. Danny Saunders,* Case No. J81-1890," ORS 136.617 requires the entry of an order that the witness testify "regarding the subject matter under inquiry * * * unless the court finds that to do so would be clearly contrary to the public interest."

■ ■ The order to the witness to testify unless the court finds that the public interest requires otherwise is not discretionary under the statute and therefore is a proper object of a writ of mandamus. We therefore issued a peremptory writ directing the defendant to "order Robert Rowe to testify as a witness in Douglas County Circuit Court Case No. J81-1890 unless the defendant finds that to do so would be clearly contrary to the public interest." In issuing the peremptory writ, however, we do not decide whether or not the witness, Rowe, in view of ORS 136.619,[1] retains a privilege under Oregon Constitution Article I, section 12, or the federal Fifth Amendment not to give all testimony that may be demanded of him under the order. That issue is not before us in this *ex parte* proceeding.

Linde, J., filed a dissenting opinion.

**LINDE, J.,** dissenting.

The key sentence of ORS 136.617, quoted in the Court's Memorandum Opinion, states that the trial court

---

[1] ORS 136.619 provides:

"After complying with the order to testify or produce evidence and if but for ORS 136.617 the witness would have been privileged to withhold the answer given or the evidence produced, such testimony or evidence, or any information directly or indirectly derived from such testimony or evidence, may not be used against the person in any proceeding or prosecution for a crime or offense concerning which the witness gave answer or produced evidence under court order. However, the witness may nevertheless be prosecuted or subjected to penalty for any perjury, false swearing or contempt committed in answering, or failing to answer, or in producing, or failing to produce, evidence in accordance with the order. If a person refuses to testify after being ordered to testify as provided in this section, the person shall be subject to penalty for contempt of court for failure to comply with the order."

"shall order the witness to testify regarding the subject matter under inquiry upon such showing of reasonable cause or shall order the production of evidence upon a finding that no privilege protects the evidence sought, unless the court finds that to do so would be clearly contrary to the public interest." The statute plainly makes the trial court's duty to order a witness to testify dependent upon "a finding that no privilege protects the evidence sought," and only thereafter subject to the "public interest" exception. If there is any doubt that the phrase "upon a finding that no privilege protects the evidence sought" modifies the entire preceding provision, for an order to testify as well as for an order for the production of evidence, the doubt is disspelled by ORS 136.619, also cited in the Memorandum Opinion. For that section becomes operative when a witness complies with the court's order "if but for ORS 136.617 the witness would have been privileged to withhold the answer given or the evidence produced," in other words, when the trial court later is found to have erred in making the finding that there was no privilege protecting the witness.

Thus it seems clear to me, at least in this hurried *ex parte* proceeding without the benefit of arguments by opposing parties, that the respondent circuit judge had no duty to order the witness to testify unless the judge first found "that no privilege protects the evidence sought." The petition for the writ of mandamus does not allege that the respondent made such a finding, nor that he had an incontestible obligation to make such a finding as a matter of law. The petition simply omits this statutory requirement. There is therefore no legal basis for this hasty issuance of a peremptory writ of mandamus.